IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**JAMES MURRAY,**
a/k/a James Hines,

      **Plaintiff,**

v.                                                **Civil Action No. 5:07cv6**
                                                           **(Judge Stamp)**

**HARLEY LAPPIN, Director**
**Federal Bureau of Prisons,**

      **Defendant.**

## OPINION/REPORT AND RECOMMENDATION

### I. Procedural History

On February 15, 2006, the *pro se* plaintiff initiated this case by filing a Petition for Writ of Mandamus in the United States Court of Appeals for the District of Columbia ("D.C. Court"). On January 11, 2007, the D.C. Court found that although labeled a petition for writ of mandamus, the petition was predicated on underlying civil claims alleging that the law library at the Hazelton Penitentiary is inadequate and violates the plaintiff's constitutional rights. Therefore, the D.C. Court construed the petition as a civil action arising under 28 U.S.C. § 1331 and transferred the case to this Court. The D.C. Court also transferred the plaintiff's pending motion to expedite, motion to appoint amicus, and motion to certify questions of law, to this Court for consideration and disposition.

Upon receipt by this Court, the undersigned conducted a preliminary review of the file and determined that summary dismissal was not appropriate at that time. Therefore, the defendant was directed to file an answer. The defendants filed a Motion to Dismiss, or in the Alternative, for Summary Judgment on July 26, 2007. After the issuance of a Roseboro Notice advising the plaintiff

of his right to file material responsive to the defendant's motion, the plaintiff filed a reply to defendant's motion on August 6, 2007.

Also pending is the plaintiff's Motion for Ruling on Pending Motions in which he requests that the Court rule on his Motion to Expedite, Motion to Appoint Amicus Curiae, and Motion to Certify Questions of Law to the Massachusetts Supreme Judicial Court.

This case is now before the undersigned pursuant to LR PL P 83.02, et seq., for a report and recommendation on the parties' pending motions.

## II. The Pleadings

**A. The Complaint**

In the complaint, the plaintiff asserts that the law library at the Hazelton Penitentiary is inadequate. In support of his claim, the plaintiff asserts that he is paralegal and jail-house lawyer. The plaintiff further asserts that he his a "public interest litigator" who provides legal advice to other inmates. The plaintiff asserts that in his role as a legal advisor, he has requested that staff at the Hazelton law library provide certain materials.[1] Staff has refused. Therefore, the plaintiff makes the following claims:

(1) his constitutional right to access the courts under the First Amendment has been violated; and

(2) his rights under Johnson v. Avery, 393 U.S. 483 (1969), have been violated.

Although the plaintiff does not specifically state what relief he seeks, it appears from his

---

[1] Specifically, the plaintiff has requested that staff update the law library with legal information from the Legal Information Institute of Cornell Law School, state court opinions, and public information from the Georgetown University Legal Explorer. In addition, the plaintiff has requested that staff update its electronic legal sources with access to the Law Group Network - Lawyers Legal Research, and the National Federation of Paralegal Association, Inc.

original request for mandamus relief, that he would like the Court to direct the defendant to provide an adequate law library by supplying access to the requested materials.

**B.   The Defendant's Motion to Dismiss**

In his motion, the defendant asserts that the complaint should be dismissed for the following reasons:

(1) the plaintiff's claims are moot by virtue of his transfer to another facility;

(2) the plaintiff fails to state a claim for violation of his right to access the courts;

(3) the plaintiff fails to state a claim under Johnson v. Avery,

(4) the plaintiff is not entitled to mandamus relief;[2] and

(5) the plaintiff's constitutional claim against the defendant cannot be premised on a theory of *respondeat superior*.

Alternatively, the defendant seeks judgment as a matter of law.

**C.   The Plaintiff's Reply**

In his reply, the plaintiff simply asserts that he opposes the defendant's motion.

### III.   Standard of Review

**A. Motion to Dismiss**

In ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded material factual allegations.  Advanced Health-Care Services, Inc., v. Radford Community Hosp., 910 F.2d 139, 143 (4th Cir. 1990).  Moreover, dismissal for failure to state a claim is properly granted where, assuming the facts alleged in the complaint to be true, and construing the allegations

---

[2] The D.C. Court already found that the plaintiff's claim for mandamus relief was improper when it construed this case as a civil rights action under 28 U.S.C. § 1331 and transferred the case to this Court. Accordingly, the plaintiff's request for mandamus relief will not be addressed further.

in the light most favorable to the plaintiff, it is clear as a matter of law that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

When a motion to dismiss pursuant to Rule 12(b)(6) is accompanied by affidavits, exhibits and other documents to be considered by the Court, the motion will be construed as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

## B. Motion for Summary Judgment

Under the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. Rule 56(c). In applying the standard for summary judgment, the Court must review all the evidence "in the light most favorable to the nonmoving party." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The Court must avoid weighing the evidence or determining the truth and limit its inquiry solely to a determination of whether genuine issues of triable fact exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In Celotex, the Supreme Court held that the moving party bears the initial burden of informing the Court of the basis for the motion and of establishing the nonexistence of genuine issues of fact. Celotex at 323. Once "the moving party has carried its burden under Rule 56, the opponent must do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The nonmoving party must present specific facts showing the existence of a genuine issue for trial. Id.

This means that the "party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Anderson at 256. The "mere existence of a scintilla of evidence" favoring the non-moving party will not prevent the entry of summary judgment. Id. at 248. Summary judgment is proper only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Matsushita, at 587 (citation omitted).

### IV. Analysis

**A. Mootness**

Article III of the United States Constitution, limits the jurisdiction of the federal courts to cases or controversies. Thus, a case becomes moot when there is no viable legal issue left to resolve. See Powell v. McCormick, 395 U.S. 486, 496 (1969). If developments occur during the course of a case which render the Court unable to grant a party the relief requested, the case must be dismissed as moot. Blanciak v. Allegheny Ludlum Co., 77 F.3d 690, 698-699 (3d Cir. 1996); see also Nakell v. Attorney General of North Carolina, 15 F.3d 319, 322 (4th Cir. 1994) (a case becomes moot when the issues presented are no longer live, or when parties lack a cognizable interest in the outcome).

Moreover, the Fourth Circuit has held that when a prisoner seeks injunctive relief from an allegedly unconstitutional prison condition, his subsequent transfer away from the challenged conditions renders the claim moot. See e.g., Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991) (prisoners' transfer renders his claims for injunctive and declaratory relief moot). Likewise, the District of Hawaii recently dismissed a claim for injunctive relief after a prisoner challenging the adequacy of a prison law library was released on parole from the subject institution. See Allen v. Murakami, 2006 WL 2035630 (D. Hawaii).

5

There are, however, recognized exceptions to the mootness doctrine. For example, a case is not moot if the harm alleged is deemed "capable of repetition, yet evading review." See Murphy v. Hunt, 455 U.S. 478, 482 (1982). Nonetheless, that exception applies only when (1) the challenged action is too short in duration to be fully litigate before the case will become moot; and (2) there is a reasonable expectation that the complaining party will be subjected to the same action again. Id. In addition, an inmate may argue that his case should not be mooted upon his transfer or release where the petitioner can show that either (1) the deprivations occurred over time in more than one facility, or (2) that he is a member of a certified class. See Jacobs V. Frank, 2007 WL 737342 (C.A. 7 (Wis) 2007).

In this case, the plaintiff's complaint specifically targets the adequacy of the library located at the Hazelton Penitentiary. Therefore, the petitioner's transfer from that facility moots his claim. In addition, the plaintiff fails to show that any of the enumerated exceptions to the mootness doctrine are in play. The plaintiff does not assert that his claim is capable of repetition, yet evades review, that the challenged action is too short in duration to be fully litigated before becoming moot, or that there is a reasonable expectation that he will be subject to the same action again. Additionally, the plaintiff does not argue that the challenged condition is present at any facility other than the Hazelton Penitentiary or that he is a member of a certified class. Accordingly, the plaintiff's claims have become moot.

**B. Failure to State a Claim**

    **1. Access to Courts**

"The fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing

prisoners with adequate law libraries, or adequate assistance from prisoners trained in the law." Bounds v. Smith, 430 U.S. 817, 828 (1977). In Lewis v. Casey, 518 U.S. 343, 351 (1996), the Court held that since inmates have no "freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury simply by" challenging the adequacy of the prison's law library or legal assistance program. The Court further held that "the inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." Id.

Moreover, when alleging denial of access to the courts, a prisoner must make specific allegations and must also identify an actual injury resulting from official conduct. Cochran v. Morris, 73 F.3d 1310 (4th Cir. 1996). "A showing of injury is required in order to avoid adjudication of trivial claims of deprivation." Id. at 1317. Actual injury sufficient to sustain a cause of action for denial of access to the courts is present where, for example, an inmate deprived of legal materials is unable to meet court imposed deadlines as a result of the deprivation. Roman v. Jeffes, 904 F.2d 192, 198 (3d. Cir. 1990). Nonetheless, the injury requirement cannot be satisfied by just any type of frustrated legal claim. Lewis v. Casey, 518 U.S. at 354. Since Bounds, nearly all access-to-courts claims involve attempts at direct appeals, or habeas petitions, and the Supreme Court has extended the universe of relevant claims to civil actions, "only slightly." Id. (citing Wolff v. McDonnell, 418 U.S. 539 (1974) (extending access-to-courts claims to cases arising under § 42 U.S.C. 1983, but only when needed to vindicate "basic constitutional rights").

Here, the plaintiff has not alleged an injury. Moreover, the plaintiff's claim revolves solely on his claim that he has requested certain materials be provided in the prison law library. However, Bounds requires only that the BOP provide an adequate law library, not that it provide any and all

7

legal publications that a prisoner requests. The fact that the BOP has denied the plaintiff's request for access to certain materials, does not in and of itself establish that the law library is inadequate. The BOP has a policy by which each Warden is required to maintain certain designated materials in his or her institutional law library. See Program Statement 1315.07. The plaintiff does not assert that the Warden at USP-Hazelton has failed to maintain the appropriate BOP standards for the institution's law library or that the required materials are unavailable. Accordingly, the plaintiff has failed to show that the failure to provide the requested materials has violated his access to the courts.[3]

### 2. Claim under Johnson v. Avery

In Johnson v. Avery, the United States Supreme Court examined a regulation prohibiting inmates from assisting one another in the preparation of petitions for post conviction relief. Given the "absence of any other source of assistance," the Court found that "for all practical purposes[,] if such prisoners cannot have the assistance of a 'jailhouse lawyer,' their possibly valid constitutional claims will never be heard in any court." Johnson v. Avery, 393 U.S. at 487. Therefore, the Supreme Court held that the regulation could not be enforced unless the State provided a "reasonable alternative to assist inmates in the preparation of petitions for post-conviction relief." Id. at 490. The Court did not hold that prisoners must be allowed to assist other prisoners, only that they must be allowed to do so if there is no reasonable alternative.

Here, the petitioner wants the Court to find that he has a constitutional right to give legal advice and assistance to other inmates based on the Courts holding in Johnson. However, no such right was created in Johnson and this Court will not create one. In fact, it is quite well settled that

---

[3] In fact, as noted by the defendant, the plaintiff has an extensive list of cases filed in both state and federal courts during his incarceration. See Memorandum (dckt. 38-22) at 8-9.

an inmate does not possess a First Amendment right to provide legal assistance to other inmates. In <u>Lewis v. Casey</u>, <u>supra</u>, the Supreme Court expressly found that the right to access the courts is personal to the inmate who is seeking to bring the actionable claims before the Court. Likewise, other district courts have expressly found that there is no merit to a prisoner's unsupported contention that he has a "constitutional right to engage in writ writing for other inmates." <u>See Sizemore v. Lee</u>, 20 F.Supp.2d 956 (W.D.Va. 1998). As noted by the defendant in his memorandum, "[t]he right of access belongs to the inmate needing assistance," and jailhouse lawyers do not "have standing to assert the individual right of access to the courts on behalf of other prisoners." Memorandum at 10. The plaintiff simply has not shown that his services are so vital to the other inmates right of access that his assistance becomes protected conduct. Accordingly, the plaintiff has failed to show that he has a constitutional right to provide legal advice and assistance to other inmates.

## C. **Respondeat Superior**

Liability for violations of a constitutional right is "personal, based upon each defendant's own" acts. <u>Trulock v. Freeh</u>, 275 F.3d 391, 402 (4th Cir.2001)(internal citation omitted). Thus, in order to establish liability, a plaintiff must specify the acts taken by each defendant which violate his constitutional rights. <u>See Wright v. Smith</u>, 21 F.3d 496, 501 (2d Cir. 1994); <u>Colburn v. Upper Darby Township</u>, 838 F.2d 663, 666 (3rd Cir. 1988). Some sort of personal involvement on the part of the defendant and a causal connection to the harm alleged must be shown. <u>See Zatler v. Wainwright</u>, 802 F.2d 397, 401 (11th Cir. 1986). *Respondeat superior* cannot form the basis of a claim for a violation of a constitutional right <u>Rizzo v. Good</u>, 423 U.S. 362 (1976).

Nonetheless, in <u>Miltier v. Beorn</u>, 896 F.2d 848, 854 (4th Cir. 1990), the Fourth Circuit

9

recognized that supervisory defendants may be liable in a civil action if the plaintiff shows that: "(1) the supervisory defendants failed to provide an inmate with needed medical care; (2) that the supervisory defendants deliberately interfered with the prison doctors' performance; or (3) that the supervisory defendants tacitly authorized or were indifferent to the prison physicians' constitutional violations." In so finding, the Court recognized that "[s]upervisory liability based upon constitutional violations inflicted by subordinates is based, not upon notions of *respondeat superior*, but upon a recognition that supervisory indifference or tacit authorization of subordinate misconduct may be a direct cause of constitutional injury." Id. However, a plaintiff cannot establish supervisory liability merely by showing that a subordinate was deliberately indifferent to his needs. Id. Rather, the plaintiff must show that a supervisor's corrective inaction amounts to deliberate indifference or tacit authorization of the offensive practice. Id.

Here, the plaintiff does not allege any personal involvement on the part of the defendant. Instead, it appears that the plaintiff has named the defendant merely in his official capacity as the Director of the Bureau of Prisons. However, the plaintiff has not provided any evidence that the defendant tacitly authorized or was indifferent to an alleged violation of his constitutional rights. Thus, the plaintiff cannot maintain this action against the defendant.

## V. Recommendation

For the foregoing reasons, the undersigned recommends that the defendant's Motion to Dismiss, or Alternatively, for Summary Judgment (dckt. 38), be **GRANTED** and judgment be entered for the defendant. In light of this finding, the undersigned recommends that the plaintiff's Motion to Expedite, Motion to Appoint Amicus Curiae, and Motion to Certify Questions of Law to the Massachusetts Supreme Judicial Court be **DENIED as moot**. Also, insomuch as this Opinion

recommends that the plaintiff's pending motions be denied, the plaintiff's Motion for Ruling on Pending Motions (dckt. 42) is **GRANTED**.

Within ten (10) days after being served with a copy of this recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208.

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket. The Clerk is further directed to provide copies of this Opinion/Report and Recommendation to counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: December 4, 2007.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE