IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JAMES MURRAY a/k/a
James Hines,

    Plaintiff,

v.                                       Civil Action No. 5:07CV6
                                                     (STAMP)
HARLEY LAPPIN, Director
Federal Bureau of Prisons,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING REPORT AND**
**RECOMMENDATION OF MAGISTRATE JUDGE**

I.   Procedural History

The pro se plaintiff and federal inmate, James Murray, commenced this action by filing a petition for mandamus relief in the United States Court of Appeals for the District of Columbia ("D.C. Court"). The D.C. Court found that, although styled as a petition for a writ of mandamus, the plaintiff's petition should be construed as a complaint asserting a civil cause of action. Thus, the case was transferred to this Court pursuant to this Court's authority to resolve federal questions under 28 U.S.C. § 1331. The D.C. Court also transferred the plaintiff's pending motion to expedite, motion to appoint amicus curiae, and motion to certify questions of law to the Massachusetts Supreme Judicial Court.

Upon receipt, the case was referred to United States Magistrate Judge John S. Kaull for initial review and recommendation. Magistrate Judge Kaull determined that summary

dismissal was not appropriate and directed the defendant to file an answer. The defendant filed a motion to dismiss, or in the alternative, for summary judgment to which the plaintiff filed a response. The plaintiff also filed a motion for a ruling on his pending motions to expedite, appoint amicus curiae, and to certify questions of law.

Subsequently, Magistrate Judge Kaull issued a report and recommendation recommending that the defendant's motion to dismiss, or alternatively, for summary judgment be granted. The magistrate judge informed the parties that if they objected to any portion of the report, they must file written objections within ten days after being served with copies of the report. The plaintiff filed objections, supplemental objections, and a motion for revised recommendations which is construed as further objections.

## II. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because objections were filed in this case, this Court will undertake a de novo review as to those

portions of the report and recommendation to which objection is made.

III. Discussion

In his complaint, the plaintiff alleges that (1) his constitutional right under the First Amendment to access the courts has been violated because the law library at Hazelton Penitentiary ("Hazelton") is inadequate; and (2) his rights under Johnson v. Avery, 393 U.S. 483 (1969), have been violated because he is unable to act as a "jailhouse lawyer" without adequate legal research materials. The defendant argues that the plaintiff's complaint should be dismissed because it is moot, because it fails to state a claim upon which relief can be granted, and because the plaintiff's constitutional claim against the defendant cannot be premised on a theory of respondeat superior. In the alternative, the defendant seeks judgment as a matter of law.

A. Mootness

Magistrate Judge Kaull found that the plaintiff's claims regarding the inadequacy of Hazelton's law library are moot. To the extent that the plaintiff is seeking injunctive relief, this Court agrees.

A federal court has no authority to "'give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'" Church of Scientology of California v. United States,

506 U.S. 9, 12 (1992)(quoting <u>Mills v. Green</u>, 159 U.S. 651, 653 (1895)). A case becomes moot when "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." <u>Murphy v. Hunt</u>, 455 U.S. 478, 481 (1982)(quoting <u>United States Parole Comm'n v. Geraghty</u>, 445 U.S. 388, 396 (1980)). Where a prisoner seeks injunctive relief from an allegedly unconstitutional prison condition, the prisoner's subsequent transfer from the institution with the challenged condition renders the claim moot. <u>See</u> <u>Magee v. Waters</u>, 810 F.2d 451 (4th Cir. 1987)(prisoner's request for injunctive relief on inadequacy of law library claim rendered moot by transfer of prisoner); <u>Williams v. Griffin</u>, 952 F.2d 820 (4th Cir. 1991)(transfer of prisoner mooted claims for injunctive and declaratory relief regarding allegedly unconstitutional prison conditions).

In this case, subsequent to the filing of his complaint, the plaintiff was transferred to another institution. Because his complaint challenges the adequacy of the law library at Hazelton, the plaintiff's complaint, to the extent that he seeks injunctive relief, is moot because he no longer has a legally cognizable interest in the adequacy of the law library at Hazelton. The plaintiff objects that this Court's jurisdiction is not limited to cases and controversies. The plaintiff also objects that his transfer from Hazelton was "vindictive," "retaliatory," "racially motivated," and effectuated for the purpose of mooting his claims.

4

The plaintiff further objects that his claims are capable of repetition, yet evade review because his "complaints are on going; (sic) occurring in more than one facility" and because his claims are capable of repetition as to other prisoners. (Pl.'s Supplemental Objections 2.)

The plaintiff's objections are without merit. The plaintiff argues that 28 U.S.C. §§ 1331, 1337 do not prevent this Court from adjudicating matters other than cases and controversies. The case or controversy limitation on this Court's jurisdiction, however, is constitutional, rather than statutory. See U.S. Const. Art. III, § 2. Additionally, the motivation of the Bureau of Prisons ("BOP") for transferring the plaintiff from Hazelton does not affect the mootness inquiry. Because the plaintiff is no longer housed at Hazelton, he is no longer subject to the allegedly unconstitutional conditions about which he complains in his complaint. Therefore, he no longer has a legally cognizable interest in having such alleged conditions at Hazelton resolved.[1]

---

[1] Nonetheless, apart from the plaintiff's claims regarding the Hazelton law library, the plaintiff's objections could be construed as asserting a claim for retaliatory transfer. A prisoner may state a claim of retaliatory transfer if the decision to transfer him was based on the inmate's exercise of a constitutionally protected right. Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). "A claim of retaliation that fails to implicate any constitutional right 'lacks even an arguable basis in law,' and is properly subject to dismissal . . ." Id. (internal citations omitted). Although the plaintiff's right of access to the courts is constitutionally protected, he has provided no specific facts or chronology of events from which a retaliatory motive could reasonably be inferred; his claim is based on the conclusory

5

Additionally, the plaintiff's argument that his claims satisfy the "capable of repetition, yet evading review" exception to the mootness doctrine is unavailing. With regard to his claims as to Hazelton's law library, the plaintiff has not demonstrated a reasonable expectation that he will be transferred back to Hazelton and be subjected again to conditions that allegedly deprived him of meaningful access to the courts. Further, to the extent that the plaintiff attempts to assert claims regarding the Hazelton law library on behalf of other prisoners, he does not have standing to do so. See Moose Lodge No. 107 v. Irvis, 407 U.S. 163, 166 (1972)(a litigant "has standing to seek redress for injuries done to him, but may not seek redress for injuries done to others"); Hummer v. Dalton, 657 F.2d 621, 625-626 (4th Cir. 1981)(stating that an inmate's suit was "confined to redress for violation of his own personal rights and not one by him as knight-errant for all prisoners").

Finally, the plaintiff's assertion in his objections that his claims are "occurring in more than one facility" and that the BOP has a "policy of not providing access to state courts (sic) opinions" does not affect the mootness inquiry as to the

---

assertion that he was retaliated against, which is insufficient to state a claim. Id. at 74 (prisoner's claim of retaliation dismissed where it "failed to contain any factual allegations tending to support his bare assertion").

plaintiff's Hazelton claims. The plaintiff did not raise this argument before the magistrate judge. Nonetheless, when proper objection is made to the magistrate judge's recommendation, the appellant's right to de novo review is established and "a district court is required to consider all arguments directed to that issue regardless of whether they were raised before the magistrate." United States v. George, 971 F.2d 1113 (4th Cir. 1992). Thus, this Court must consider the new arguments made by the plaintiff. Because the plaintiff is in the custody of the BOP, he has a cognizable interest in the outcome of this new claim. Therefore, the new claim is not moot and will be considered below.

B.  Failure to State a Claim

   1.  Access to the Courts

In his complaint, the plaintiff argues that the defendant's "refusal to provide [the plaintiff] with access to adequate, meaningful, and effective legal materials" at Hazelton deprives the plaintiff of his constitutional right of access to the Courts. (Pl.'s Compl. 1.) Specifically, the plaintiff alleges that prison officials at Hazelton refused to update the law library with state court opinions, public information from the Georgetown University Legal Explorer, and legal information from the Legal Information Institute of Cornell Law School, the Law Group Network - Lawyers Legal Research, and the National Federation of Paralegal Association, Inc. Additionally, in his objections, the plaintiff

contends that the BOP has a general policy of denying inmate access to state court opinions which also denies the plaintiff his right of access to the courts.

Inmates have a general constitutional right to "adequate, effective and meaningful" access to the courts. Bounds v. Smith, 430 U.S. 817, 822 (1977). "The fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries, or adequate assistance from persons trained in the law." Id. at 828. In Lewis v. Casey, 518 U.S. 343, 351 (1996), the Court held that since inmates have no "freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury simply by" challenging the adequacy of the prison's law library or legal assistance program. The Court further held that "the inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." Id.

When alleging denial of access to the courts, the prisoner must make specific allegations and must also identify an actual injury resulting from official conduct. Cochran v. Morris, 73 F.3d 1310 (4th Cir. 1996). "A showing of injury is required in order to avoid adjudication of trivial claims of deprivation." Id. at 1317.

8

Actual injury sufficient to sustain a cause of action for denial of access to the courts is present where, for example, an inmate deprived of legal materials is unable to meet court imposed deadlines as a result of the deprivation. See Roman v. Jeffes, 904 F.2d 192, 198 (3d Cir. 1990).

In this case, the magistrate judge found that the plaintiff has failed to allege that he has suffered any injury as a result of the denial of his request for specific legal materials at Hazelton. This Court agrees. The plaintiff has also failed to allege any injury resulting from the BOP's alleged policy of preventing prisoners from accessing state court opinions. Thus, the plaintiff's access to the courts claims must fail. In his objections, the plaintiff argues that Bounds stands for the proposition that "where there is an inadequate law library; injury should be presumed." (Pl.'s Supplemental Objections 3.) This assertion is incorrect. The Court in Bounds held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Bounds, 430 U.S. at 817. The Court did not state that injury should be presumed in the absence of an adequate law library. Indeed, the Court did not even discuss the showing of injury that

9

a plaintiff is required to make in order to state a claim for denial of access to the courts. Accordingly, because the plaintiff has failed to show that he has suffered any specific harm or prejudice to his right of access to the courts as a result of the unavailability of the legal materials he has requested, including state court opinions, he fails to state an access to the courts claim upon which relief can be granted.

    2.   Claim under Johnson v. Avery

Magistrate Judge Kaull recommends that the plaintiff's claim pursuant to Johnson v. Avery, 393 U.S. 483 (1969), be dismissed for failure to state a claim because the plaintiff does not have a constitutional right to provide legal advice and assistance to other inmates. The plaintiff objects that the magistrate judge misread the relevant case law on this point. The plaintiff also states that he has provided helpful and "vital" legal services to inmates as a "jailhouse lawyer." (Pl.'s Mot. for Revised Recommendations 1-2.) This Court finds that the magistrate judge appropriately applied the law in this case.

In Johnson v. Avery, the Court struck down a state regulation prohibiting inmates from assisting one another in the preparation of petitions for post conviction relief. Specifically, the Court held that unless the state provides "some reasonable alternative to assist inmates in the preparation of petitions for post-conviction

10

relief, it may not validly enforce a regulation . . . barring inmates from furnishing . . . assistance to other prisoners." Johnson, 393 U.S. at 488. This holding falls far short, however, of recognizing a constitutional right for "jailhouse lawyers" to provide legal assistance to other inmates. An inmate does not have an independent right to serve as a "jailhouse lawyer." Thaddeus-X v. Blatter, 175 F.3d 378 (6th Cir. 1999)(citing Gibbs v. Hopkins, 10 F.3d 373, 378 (6th Cir. 1993)). Rather, an inmate's right to provide legal assistance to another prisoner "is wholly derivative of [the assisted] prisoner's right of access to the courts." Id. Thus, to the extent that the plaintiff alleges that the defendant's failure to provide requested legal materials violates the plaintiff's constitutional right to give legal advice to other inmates, that claim fails because there is no such constitutional right.

Nonetheless, while no independent right to assist exists, prison officials may not prevent "jailhouse lawyers" from providing assistance where no reasonable alternatives are available because doing so would implicate inmates' right of access to the courts. See Johnson, 393 U.S. at 488. As discussed in above, however, the plaintiff does not have standing to assert the constitutional claims of other inmates. Moreover, the plaintiff has failed to

11

show any requisite injury to support his access to the courts claim.

    3.   <u>Respondeat Superior</u>

Finally, Magistrate Judge Kaull recommends that the plaintiff's claim against defendant Harley Lappin ("Lappin") be dismissed for failure to meet the required elements of supervisory liability. The plaintiff objects to the magistrate judge's finding that Lappin "was not indifferent to the violation of [the plaintiff's] constitutional rights." (Pl.'s Supplemental Objections 4.)

The plaintiff's objection is without merit. The plaintiff has failed to allege any personal involvement on the part of Lappin. Rather, the plaintiff relies on a theory of <u>respondeat superior</u>, which cannot form the basis of a claim for violation of a constitutional right in a case arising under <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 430 U.S. 388 (1971). <u>See</u> <u>Dean v. Gladney</u>, 621 F.2d 1331, 1335-37 (5th Cir. 1980)(rejecting <u>respondeat superior</u> as a basis for liability in <u>Bivens</u> actions); <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658 (1978)(rejecting <u>respondeat superior</u> as a basis for liability in <u>Bivens</u>-type actions brought pursuant to 42 U.S.C. § 1983). Additionally, the plaintiff has not shown that any inaction on the part of Lappin, in his capacity as supervisor, constituted

deliberate indifference to or tacit authorization of the alleged denial the plaintiff's constitutional rights. See Miltier v. Beorn, 896 F.2d 848 (4th Cir. 1990)(recognizing supervisory liability in § 1983 actions where liability is based "not upon notions of respondeat superior, but upon a recognition that supervisory indifference or tacit authorization of subordinate misconduct may be a direct cause of constitutional injury"). Thus, in the alternative to the plaintiff's failure to state a claim on each of his constitutional claims for the reasons stated above, the plaintiff's claims against defendant Lappin must be dismissed for failure to allege other than supervisory liability.

## IV. Conclusion

Because, after a de novo review, this Court concludes that the magistrate judge's recommendation is proper and the plaintiff's objections to the report and recommendation lack merit, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation. The defendant's motion to dismiss, or alternatively, for summary judgment, is GRANTED. Because the defendant's motion is granted, the plaintiff's motion to expedite, motion to appoint amicus curiae, and motion to certify questions of law to the Massachusetts Supreme Judicial Court are DENIED AS MOOT. The plaintiff's motion for a ruling on pending motions is GRANTED.

Accordingly, it is ORDERED that this case be DISMISSED with prejudice and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: January 29, 2008

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE